

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL.
ATTORNEY GENERAL

April 30, 1976

The Honorable George Rodriguez, Jr.
El Paso County Attorney
Room 201, City-County Building
El Paso, Texas  79901

Opinion No. H- 816

Re: Whether preliminary and negotiating sessions of a city and police association under the Fire and Police Employees Relations Act are open to the public.

Dear Mr. Rodriguez:

You have requested our opinion on a number of questions regarding collective bargaining between a city and municipal police officers association.  Specifically, you ask:

> 1.  Whether a meeting of a municipal police officers association at which a quorum is present is subject to the Open Meetings Act, article 6252-17;
>
> 2.  whether the internal deliberations of a city's negotiating team relating to the collective bargaining process are open to the public;
>
> 3.  whether meetings between a city's negotiating team and its mayor and/or city council relating to the collective bargaining process are open to the public;

4.   whether the internal deliberations
of a municipal police officers association
relating to the collective bargaining
process are open to the public; and

5.   whether the actual bargaining sessions
between a police officers association and
a city are open to the public.

Article 5154c-1, V.T.C.S., the Fire and Police Employee
Relations Act, provides:

All deliberations pertaining to collective
bargaining between an association and a
public employer or any deliberation by a
quorum of members of an association
authorized to bargain collectively or
by a member of a public employer authorized
to bargain collectively shall be open to
the public and in compliance with the Acts
of the State of Texas.   Sec. 7(e).

"Association" is defined as

any organization of any kind, or any agency
or employee representation committee or
plan, in which firefighters and/or police-
men participate and which exists for the
purpose, in whole or in part, of dealing
with one or more employers, whether public
or private, concerning grievances, labor
disputes, wages, rates of pay, hours of
employment, or conditions of work affecting
firefighters and/or policemen.   Sec. 3(4).

The Open Meetings Act is applicable to "every . . .
meeting or session of every governmental body . . . ."  V.T.C.S.
art. 6252-17, § 2(a).   "Governmental body" is defined by the
Act as

> any board, commission, department, committee,
> or agency within the executive or legislative
> department of the state, which is under the
> direction of one or more elected or appointed
> members; and every Commissioners Court and
> city council in the state, and every deliber-
> ative body having rule-making or quasi-judicial
> power and classified as a department, agency,
> or political subdivision of a county or city;
> and the board of trustees of every school
> district, and every county board of education;
> and the governing board of every special
> district heretofore or hereafter created by
> law. Sec. 1(c).

In our opinion, a municipal police officers association, as
a type of "association" described in article 5154c-1, is not
a "governmental body." Thus, the Open Meetings Act, as such,
is not applicable to its deliberations.

As to your second and third questions, article 5154c-1
would seem to require that the internal deliberations of a
city's negotiating team and its conferences with the mayor
or city council relative to collective bargaining are open
to the public. We believe, however, that there is an important
limitation upon section 7(e). In Attorney General Opinion
M-1261 (1972), this Office grafted a limited attorney-client
privilege upon the Open Meetings Act, although the Act at
that time did not contain an express exception for attorney-
client conferences. The Opinion held that

> a public body governed by Article 6252-17
> may only validly claim the attorney-client
> privilege and hold a closed session to
> discuss legal matters with its attorney
> when it desires legal advice with regard
> to pending or contemplated litigation,
> settlement offers, and similar matters
> where an attorney's duty to his client,
> pursuant to the Rules and Canons of the
> State Bar of Texas, would clearly
> conflict with that Article. Id. at 9, 10.

The year following the issuance of Attorney General Opinion M-1261, the Legislature, in amending the Open Meetings Act, adopted virtually verbatim the above quoted language from the Opinion. V.T.C.S. art. 6252-17, § 2(e).

We believe that this limited privilege is equally applicable to the open meeting provisions of article 5154c-1. In our opinion, whenever a city's collective bargaining team seeks the advice of counsel during its internal deliberations or during its preliminary discussions with elected city officials, portions of those deliberations or discussions are excepted from the open meeting provisions of section 7(e) when such counsel participate and when the duty of the attorney to his client pursuant to the Rules and Canons of the State Bar of Texas conflict with the concept of a public meeting.

The same kind of attorney-client privilege must also be accorded a police officers association. We note, however, that the internal deliberations of such an association are not required to be open in any event when a quorum of members is not present.

Your final question is whether the actual bargaining sessions between a police officers association and a city are open to the public. The attorney-client privilege cannot be construed to apply to these sessions, since the confidentiality which provides the basis for the privilege is necessarily absent in such an adversary situation. Since we have discovered no exception to the clear language of the statute, it is our opinion that the actual bargaining sessions between a city and a police officers association are open to the public by virtue of section 7(e) of article 5154c-1.

### S U M M A R Y

Meetings of a municipal police officers association are not subject to the Open Meetings Act. The internal deliberations of a city's collective bargaining team and its preliminary discussions with elected city officials are open to the public, but sometimes may be closed if

The Honorable George Rodriguez, Jr. - page 5 (H-816)

counsel participate.  The internal
deliberations of the collective bargaining
team of a municipal police officers
association are open to the public if a
quorum of members is present, but
sometimes may be closed if counsel
participate.  The actual bargaining sessions
between a city and a police officers associ-
ation are open to the public.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb